Manly, J.
 

 This is an action of assumpsit, in which the-plaintiff alleges a liability of the defendant upon an undertaking, that lie would, in consideration of a deed, for a certain patent right, to be used in the State of Arkansas, pay therefor $600, at three months credit, and make- a good note for it. The declaration is in two counts.
 

 1. For not making the note.
 

 2. For not paying the money.
 

 The case turns upon the effect of a release, pleaded as a bai’to the recovery, and which is found in the
 
 deed,
 
 for the right to use the patent above referred to, and dated 12th of Oct., 1857. We concur with his. Honor, that the release in the deed is a bar at law, to the plaintiffs recovery on either count. In either aspect, it is an action for the consideration expressed in the deed. The consideration, is there declared to be paid, and the plaintiffs, who- are the grantors in the deed, are estopped to- deny it in this action.
 

 This question was brought directly 'into judgment in the case of
 
 Brotcket
 
 v.
 
 Foscue,
 
 1 Hawks, 64, and it was there held, that when a deed contains an acknowledgment by thebargainor, of the reception of the consideration money, with an exo-noration therefrom, it amounts to a bar to the action for the purchase-money, and' that parol evidence shall no ft be received to contradict the averment of payment in such case.
 

 The same principles are decided in the case of
 
 Lowe
 
 v.
 
 Weatherly,
 
 4 Dev. and Bat., 212; and are again recognised in the cases of
 
 Crawley
 
 v.
 
 Timberlake,
 
 reported in 1 Ired. Eq., 846, and 2 do., 460, where equity takes jurisdiction, and re-
 
 *107
 
 lieves from the legal effect of such release upon a case,.made, of ignorance and misapprehension.
 

 Our attention has been called to the case of
 
 Robbins v. Love,
 
 3 Hawks, 82; and
 
 Lane v.
 
 Wingate, 3 Ired., 326. There is no conflict, as we think, between these cases and the cases of
 
 Brocket
 
 v. Foscue, and
 
 Lowe
 
 v.
 
 Weatherby.
 

 The first,
 
 Robbins
 
 v.
 
 Love,
 
 was an action of aásumpsit, for a balance of $1000, due for merchandise sold. The defendant was permitted to introduce a deed for a house and lot, in which the consideration was stated to be $1000, in hand paid, and to prove by the subscribing witness, that it was paid-by an agreement to consider the debt for the goods, extinguished. This was held, not to be a contradiction of the deed, but proof of a distinet fact only, as to how the money came, which the defendant acknowledges the reception of, in his deed to the plaintiff. Thus, without contradicting his. deed, the defendant was enabled to show distinct facts, which amounted to an accord and satisfaction, and which furnished, of course, a complete answer to the plaintiffs action of assumpsit.
 

 The other case,
 
 Lane
 
 v.
 
 Wingate,
 
 was an, action of assumpsit, also, upon a parol obligation, not under- seal, with condition for the support of an aged woman slave. No consideration was stated in the writing, and the plaintiff resorted to evidence
 
 clehors
 
 the instrument, and showed upon a sale of negroes by plaintiff to defendant, he wished to purchase, besides those the plaintiff was willing to sell, a boy by the name of Daniel. Plaintiff’s objection to the sale of Daniel was, that he wanted him to wait on the old woman referred to in the condition of the obligation. And thereupon, the defendant agreed, if the plaintiff would sell him, Daniel, he would maintain the woman for life, and accordingly entered into the obligation on which the action was brought. Defendant, in answer to the action, introduced the deed of sale for Daniel and other slaves, in which plaintiff acknowledges, that he had received a sum in full for the said negroes, and contended that plaintiff was estopped, by the said deed, from recovering nnder the said
 
 *108
 
 agreement. But the 'Oou'rt held otherwise, upon the ground, that the agreement was a distinct obligation, growing out of the -sale of Daniel, and that it was not any part of the money consideration, the -reception of which was acknowledged in the deed, and there was, therefore, no estoppel.
 

 Both these cases were put upon peculiar grounds, and were not supposed by the learned Judges, who then presided in the Court, to impugn at all, the'doctrine of estoppel by deed, and cannot, therefore, be rightfully invoked for that purpose.
 

 In the case now before us, the action is for the recovery of the consideration mentioned in theUeed, the purchase-money of the patent. For we do not perceive, that it
 
 varies
 
 the matter or object of the action, whether the recovery be had upon the count for $600, the price of the patent, which was to be paid after three months’ time, or for the $600 as damages for not giving a good note, in the mean time, for the price aforesaid. It is equally an action for the 'recovery of the consideration money of the deed, and this, the party plaintiff has acknowledged by his deed to be paid. He is concluded, by his acknowledgement, under seal.
 

 Per Curiam,
 

 Judgment affirmed.